

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-1890
Re: Does a County Commissioner come
within the meaning of the word
"officer as used in subdivision
1, Article 1147, V. A. C. S.
defining aggravated assault?

Your letter of January 26, in which you
ask the following questions has been received by
this office:

"There has been filed in the County
Court of Liberty County a complaint charg-
ing a person with aggravated assault, the
assault being merely sufficient to justify
a conviction for simple assault except for
the fact that the assault was committed
upon a County Commissioner at a time while
he was discharging an official duty, to-
wit, out looking over some roads of the
county, which were in his precinct.

"The question has arisen as to whether
or not any public officer comes within the
meaning of the word 'officer' as used in
sub-division 1 of Article 1147 defining
aggravated assault."

The pertinent part of the above mentioned
statute reads as follows:

"An assault or battery becomes aggra-
vated when committed under any of the fol-
lowing circumstances:

"1. When committed upon an officer in the lawful discharge of the duties of his office, if it is known or declared to the offender that the person assaulted was an officer discharging an official duty."

Most of the cases that have been filed under this statute have involved a peace officer discharging his official duty. There is, however, no apparent reason for limiting the application of this statute to peace officers. The language of the statute "an officer in the lawful discharge of the duties of his office" is very general. In SANNER vs. STATE, 2 Crim. Rep. 458, the following language was used in interpreting this statute:

"The term officer, includes all persons legally authorized to perform public duties."

It is necessary then to define the term "officer" and see if a County Commissioner would come within this definition. In the case of the COMMISSIONERS COURT OF LIMESTONE COUNTY, et al vs. GARRETT, 236 S. W. 970, a Commission of Appeals case adopted by the Supreme Court of Texas, the meaning of the word "officer" was discussed in the following manner:

"The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches, for the time being to be exercised for the public benefit * * *

"'Public office is the right, authority, and duty created and conferred by law by

which, for a given period either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public.' The correctness of this definition is nowhere questioned, so far as we know, and it is useless to add supporting authorities. Kimbrough v. Barnett, 93 Tex. 310, 55 S. W. 122.

"A man is not the less a public officer where his authority is confined to narrow limits; for it is the duty of his office and the nature of that duty which make him an officer, and not the extent of his authority. Mecham on Public Officers, ¶ 9."

The pertinent part of Article 5, Section 18 of the Constitution of Texas reads as follows:

"Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Consitution and the laws of the State, or as may be hereafter prescribed."

Further, in Title 44 of the Revised Civil Statutes of Texas, we find specific powers delegated to the Commissioners Court. An oath and a bond are also required of them.

It would seem clear then that a County Commissioner would be considered an officer as defined by the Supreme Court in Commissioners Court of Limestone County vs. Garrett, supra.

You are therefore respectfully advised that a County Commissioner does come within the meaning of the word "officer" as used in subdivision 1, Article 1147, Vernon's Annotated Criminal Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Frederik B. Isely

By

Frederik B. Isely
Assistant

FBI:CO

APPROVED MARCH 7, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS